UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SCOTT MEYER,

    Plaintiff,

v.

GAYLA RAHN, *Olmsted County Court Clerk*, KIM PIETRZAK, *Olmsted County Court Clerk*, HANS HOLLAND, OLMSTED COUNTY COURT, *Court Administration*, JOHN/JANE DOE,

*sued in their individual/personal and official capacities,*

    Defendants.

Case No. 24-CV-73 (DWF/JFD)

**ORDER**

---

This matter is before the Court on Plaintiff's First Motion to Amend the Complaint (Dkt. No. 40). In an amendment to his first complaint, Mr. Meyer added two new defendants, but inadvertently removed all the defendants he originally sued. (Am. Compl. 2, Dkt. No. 8.) Mr. Meyer now seeks to correct the error in the operative complaint. (Dkt. No. 8.) Federal Rule of Civil Procedure 15(a)(2) provides that after a party has used its opportunity to amend its pleadings by right under Rule 15(a)(1), the party must seek leave of court or the opposing party's written consent. Because Mr. Meyer has already amended his Complaint once and does not have the written consent of the opposing party,[1] he must obtain leave of Court.

---

[1] By this Court's count, all defendants besides a John Doe defendant from the FBI have been dismissed from the case. (*See* Am. Compl., Dkt. No. 8; Order for Dismissal, Dkt. No.

1

Courts are encouraged to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts have the discretion to allow an amendment, but they abuse their discretion if they deny an amendment "unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, — F.4d —, 2024 WL 1043508, at *2 (8th Cir. Mar. 11, 2024) (quoting *In re Target Corp. Secs. Litig.*, 955 F.3d 738, 744 (8th Cir. 2020)). In this case, the Court finds that justice requires that all the parties Mr. Meyer seeks to sue be named in the complaint. The Court does not find, at this time, that any of the conditions which counsel against allowing the amendment exist.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Mr. Meyer's First Motion to Amend the Complaint (Dkt. No. 40) is **GRANTED.**

2. Mr. Meyer is directed to file his Second Amended Complaint on the docket. Mr. Meyer is responsible for serving the Second Amended Complaint on Defendants.

---

36.) That defendant will be dismissed from the case if Mr. Meyer files his proposed Second Amended Complaint. (Dkt. No. 42.)

3. Mr. Meyer is excused from refiling his exhibits. However, he is expected to file an exhibit list with his Second Amended Complaint. It will be a separate document that lists his exhibits using the format below.

| Exhibit Number | Exhibit Title | Dkt. No. |
|---|---|---|
| 1. | First Exhibit | 46-1 |

4. The April 1, 2024 hearing on this Motion is **CANCELED**.

Date: March 22, 2024

    *s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge