UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Meyer,

    Plaintiff,

v.

Gayla Rahn, Kim Pietrzak, *Olmsted County Court Clerk*; Hans Holland; Olmsted County Court and John/Jane Doe,

    Defendants.

Civil No. 24-73 (DWF/JFD)

**MEMORANDUM OPINION AND ORDER**

# INTRODUCTION

This matter is before the Court on Defendants' Olmsted County Court, Kim Pietrzak, Hans Holland, Gayla Rahn, and John/Jane Doe (collectively, "Defendants") motion to dismiss Plaintiff Scott Meyer's amended complaint. (Doc. No. 60.) Plaintiff opposes the motion. (Doc. No. 76.) For the reasons set forth below, the Court grants the motion.

# BACKGROUND

The Olmsted County Court issued a harassment restraining order ("HRO") against Scott Meyer in 2018. (Doc. No. 55 ("Am. Compl.") at 9.) Meyer was convicted of violating the HRO in October 2019. (*Id.*) In March 2020, Meyer applied for a firearm permit and was denied. (*Id.*) Meyer appealed that denial and a Minnesota state court reversed, finding that Meyer was not a person prohibited from possessing a firearm under Minnesota law. (*Id.*) Subsequent to that order Meyer purchased multiple firearms

without issue. (*Id.*) However, a new firearm permit application in February 2023 was denied, citing Meyer's status as a prohibited person.[1] (*Id.* at 10.)

Meyer attempted to explain to the Olmsted County Court and the federal government that he was not prohibited from possessing a firearm and included reference to the state court finding. (*Id.* at 10-11.) Olmsted County Court responded to Meyer with a form and the instructions on how to restore his right to purchase a firearm. (*Id.* at 11.) Meyer again attempted to explain that he was never prohibited so he should not need to restore his right. (*Id.*) Defendant Hans Holland, on behalf of the Olmsted County Court, responded with the same form. (*Id.*) Meyer then wrote a letter to the Olmsted County Court inquiring who was responsible for his firearm permit denial. (*Id.*) This letter was addressed to Holland and given in person to Defendant Kim Pietrzak. (*Id.* at 11-12.) During this interaction, Pietrzak informed Meyer that she was the "one and only person" who made the permit denial based upon "what she interpreted as the rules and regulations." (*Id.* at 12.)

Meyer now brings this action against the Olmsted County Court and four employees of the court, Gayla Rahn, Kim Pietrzak, Hans Holland, and John/Jane Doe, both in their personal and official capacities. (*Id.* at 1.) Defendants Kim Pietrzak and

---

[1] The issue regarding this particular permit does not appear to impact Meyer's ability to apply for other firearm permits. Meyer's permit application to the Olmsted County Sheriff was granted in November 2024. (Am. Compl. at 12.)

Gayla Rahn[2] are court clerks for Olmsted County Court.  Defendant Hans Holland is a court administrator for the Olmsted County Court.  Defendant John/Jane Doe seems to be a court employee but their identity and involvement are unclear.  Meyer claims violation of 42 U.S.C. § 1983 and violation of his 2nd, 5th, and 14th Amendment rights.  (*Id.*)  He seeks compensatory damages (including emotional distress damages), punitive damages, injunctive relief, declaratory relief, and attorneys' fees.  (*Id.* at 26.)

All Defendants move for dismissal of Meyer's claims under Rule 12(b)(6).  (Doc. No. 60.)  First, Defendants claim sovereign immunity bars the claims against the court and individual Defendants in their official capacities.  (Doc. No. 63 at 6.)  Second, Defendants claim absolute quasi-judicial immunity bars the claims against the individual Defendants in their personal capacities.  (*Id.*)

## DISCUSSION

### I.   Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th

---

[2]  Rahn's involvement is unclear.  The amended complaint does not mention Gayla Rahn but does mention a "Jolene" who refused to give Meyer the last name of Kim Pietrzak.  (*Id.* at 5.)

Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

**II.     Sovereign Immunity**

The Eleventh Amendment protects states from suit in federal court. U.S. Const. amend. XI. That protection extends to state courts. *See Lanners-Ford v. Minn.*, No. 20-cv-1206, 2020 WL 8839489, at *1 (D. Minn. June 9, 2020). The Olmsted County Court is an arm of the state government and therefore protected by sovereign immunity.

The Supreme Court has identified a longstanding exception to Eleventh Amendment sovereign immunity, permitting suits against state officers that seek prospective injunctive relief to enforce compliance with federal law. *See Ex parte Young*, 209 U.S. 123 (1908). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry

4

into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., joined by Scalia & Thomas, JJ., concurring in part and concurring in the judgment)).

The amended complaint requests the following injunctive relief: (1) "prohibit court from violating my 2nd amendment rights and declaratory relief"; (2) "[c]orrect the record"; and (3) "[n]otify the [FBI] and DOJ." (Doc. No. 55 at 27.) These requests are related to past conduct; no ongoing conduct is alleged. There is no allegation that the denial of Meyer's February 2023 permit application will continue to impact future applications. The fact that Meyer's application with the Olmsted County Sheriff in November 2024 was approved shows that there is no ongoing impact of the denial. These actions related to previous actions taken by the Olmsted County Court are not properly categorized as prospective and do not meet the *Ex parte Young* exception.

The amended complaint also requests the following declaratory relief: (1) a declaration that Meyer's right to own or purchase a firearm has never been legally restricted and (2) a declaration that Meyer is not a person barred from owning or purchasing a firearm.[3] (Doc. No. 55 at 27.) "Prospective declaratory relief 'is meant to define the legal rights and obligations of the parties in anticipation of some future

---

[3] The requested declaratory relief mirrors Meyer's motion for partial summary judgment as to whether he is or ever has been a "prohibited person." (Doc. No. 68.) The motion is rendered moot by the Court's order today.

5

conduct, not simply to proclaim liability for a past act.'" *Albert v. Minn. Ct. of Appeals/Justs.*, No. 22-cv-2568, 2022 WL 18141658, at *3 (D. Minn. Nov. 30, 2022) (citing *Just. Network Inc. v. Craighead County*, 931 F.3d 753, 763 (8th Cir. 2019)). This requested relief is duplicative of the state court declaration already ordered and would serve only to address past decisions made by the Olmsted County Court. It is therefore not a permitted remedy under *Ex parte Young*.

The amended complaint finally requests various monetary damages.[4] Monetary damages are not part of the prospective relief allowed under *Ex parte Young*. *Gibson v. Ark. Dep't of Corr.*, 265 F.3d 718, 720 (8th Cir. 2001). Meyer's requested compensatory damages, punitive damages, mental and emotional distress damages, and attorneys' fees are not permitted under the *Ex parte Young* exception and must be dismissed.

Immunity for the individual Defendants sued in their official capacities follows the same analysis because Eleventh Amendment sovereign immunity extends to public officials sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). The claims against individual Defendants in their official capacities must likewise be dismissed.

Because Defendants are protected by sovereign immunity and Meyer's claims do not meet the *Ex parte Young* exception to such immunity, his claims against Olmsted

---

[4] The monetary damages are listed as available remedies but not specifically requested in the relief section of the amended complaint. (Am. Compl. At 26-27.) The Court nonetheless addresses the monetary damages as requested relief because *pro se* complaints are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

County Court and all individual Defendants in their official capacities are barred and must be dismissed.

## III. Quasi-Judicial Immunity

Judicial immunity protects judges from suits arising from official actions. *See, e.g.*, *Hamilton v. City of Hayti*, 948 F.3d 921, 925 (8th Cir. 2020). The doctrine of quasi-judicial immunity extends judicial immunity "to officials other than judges . . . because their judgments are functionally comparable to those of judges—that is, because they, too, exercise a discretionary judgment as a part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (alterations omitted).

The legal claim against each of the individual Defendants centers around the denial of the firearm permit application. Meyer alleges that the permit denial was made by Pietrzak based upon her interpretation of the rules and regulations. (Am. Compl. at 12-13.) This type of discretionary decision-making by non-judges is precisely what the doctrine of quasi-judicial immunity is intended to protect. Meyer attempts to categorize Pietrzak's actions as ministerial by pointing to an Eighth Circuit case in which a court reporter was not protected by quasi-judicial immunity, *McLallen v. Henderson,* 492 F.2d 1298 (8th Cir. 1974). However, the court reporter's job of typing a transcript verbatim is clearly distinct from a clerk's decision-making powers over a firearm permit. The Olmsted County Court employees are protected from suit and Meyer's claims against them in their personal capacities must be dismissed.

## IV. Failure to State a Claim

Alternatively, the Court can dismiss the amended complaint for failure to state a claim under § 1983.

42 U.S.C. § 1983 imposes liability only on a "person" who, under color of any law, deprives another of a constitutional right. The Supreme Court has held "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, neither the state nor its officials acting in their official capacity can be sued under § 1983. *E.g.*, *Garrison v. Minn. Dep't of Rev.*, No. 16-cv-2866, 2017 WL 9249424 (D. Minn. May 15, 2017). The claims against the Olmsted County Court and each individual Defendant sued in their official capacities must be dismissed.

With respect to claims against Defendants Gayla Rahn and John/Jane Doe, the amended complaint fails to state any plausible claim for relief. Neither Rahn's nor Doe's involvement with the permit denial at issue is described with any particularity. When there is not "sufficient personal involvement" alleged, the claim cannot survive a motion to dismiss. *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001); *see also Giganti v. Rice*, No. 12-cv-996, 2013 WL 3338684, at *8 (D. Minn. July 1, 2013) ("It is well-established that a complaint that 'lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant.'" (quoting *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821 (D. Minn. 2012)). Similarly, the amended complaint only alleges that Holland signed the correspondence on behalf of the court, not

8

that Holland made any determination as to Meyer's firearm permit eligibility. (*See* Am. Compl. At 11.) In fact, Meyer specifically alleges that Pietzrak made the decision "alone." (*Id.* at 13.) Meyer's claims as to Rahn, Doe, and Holland are dismissed.

That leaves only the claims against Pietrzak in her personal capacity. Public officials are protected by qualified immunity in a § 1983 action unless the facts show a violation of a constitutional right that was clearly established at the time of the alleged misconduct. *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019) (en banc). Pietrzak's decision to deny a firearm permit is not a clearly established constitutional violation because, as discussed above, it was within her discretion as a court employee. Meyer's claims against Pietrzak in her personal capacity are dismissed.

## CONCLUSION

For the reasons set forth above, the Court dismisses all of Plaintiff's claims. A dismissal for failure to state a claim because claims are barred by immunity must be dismissed with prejudice. *See, e.g.*, *Ambrose v. Schultz*, 215 F. App'x 564, 565 (8th Cir. 2007) (per curiam).

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss (Doc. No. [60]) is **GRANTED**.

2. Plaintiff's claims against Defendants (Doc. No. [55]) are **DISMISSED WITH PREJUDICE**.

3. Plaintiff's motion for partial summary judgment (Doc. No. [68]) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: December 30, 2024

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge